[Crim. No. 501.   Second Appellate District.—November 2, 1916.]

## THE PEOPLE, Respondent, v. HARRY DUNCAN, Appellant.

CRIMINAL LAW—MURDER—LACK OF ERROR.—Upon this appeal from a judgment and order denying a new trial in a prosecution for murder, it is held that there was no error committed prejudicial to the rights of the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Arthur E. T. Chapman, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant in this action was accused of the crime of murder and found guilty of manslaughter, for which he has been sentenced to a term of eight years in the state prison at Folsom. He appeals from the judgment and from an order denying his motion for a new trial.

There are no briefs. The present attorney for appellant was substituted in the place of the former attorneys a few weeks before the appeals came on for hearing, and the case has been presented upon his oral argument.

No attack is made upon the sufficiency of the evidence, which shows that one J. F. Toolen, a police officer, came to his death by means of a shot fired from a revolver by the defendant.

Appellant's first proposition is that the defendant was prejudiced by certain alleged misconduct of the district attorney, it being claimed that that officer asked an improper question for the sole purpose of prejudicing the defendant in the minds of the jurors. Defendant's objection to the question was sustained by the court, and we cannot say that the district attorney was not acting in good faith. The record does not show any persistent course of action by the dis-

trict attorney such as has sometimes been held to constitute prejudicial misconduct.

Appellant next complains of the court's refusal to give two requested instructions. The record does not show by whom those instructions were requested, but we will assume that they were proposed by defendant's counsel. The subject matter of those instructions was covered correctly by the court in other instructions given to the jury, and the refusal to give them in the precise form requested by the defendant did not deprive him of any right.

At the oral argument appellant's counsel suggested that the court erred in giving six of the instructions that were given. As to three of these, he stated no reasons why they were erroneous, and was unable to refer us to the pages of the clerk's transcript where they would be found. Subsequently he sent to us a memorandum of the pages. In two of the three instances there are two instructions on each page, and we do not know to which instruction counsel referred. Solving the doubt in his favor, we have examined all of them without discovering any valid objection thereto.

This leaves for consideration the instructions considered by counsel and designated as points 4, 5, and 6. Under point 5 his claim is that the instruction assumes the defendant to be guilty and thereby invades the province of the jury. In our opinion, the instruction contained no such assumption. Under points 4 and 6 the only objection was that those instructions had no application to the case as presented by the evidence. The point appears to be well taken with respect to one of those instructions, but it related to a minor matter, and the instruction was not at all likely to have affected the verdict.

As none of the points suggested have raised any doubtful question which seems to call for discussion and explanation of the law of the case, we deem it unnecessary to extend this opinion by setting forth the language of the instructions or stating our opinion in detail concerning them. Upon the record in this case, it appears that the defendant is fortunate, in that he was convicted of manslaughter, the lowest degree of the offense charged.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.